UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KAREN THOMSON,

            Plaintiff,            No. CV 03-1350-ST

      v.                                    ORDER

MENTOR GRAPHICS CORPORATION,

            Defendant.

**MOSMAN, J.,**

Order ADOPTING Magistrate Judge Stewart's Findings and Recommendations with the following modifications:

To state a prima facie case of discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq*. ("the ADEA"), a plaintiff must show that she was (1) between the ages of 40 and 70 years; (2) performing her job duties in a satisfactory manner; (3) subjected to an adverse employment action; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). The Findings and Recommendations state the fourth element differently, requiring plaintiff to show that the adverse employment action "took place under circumstances

PAGE 1 - ORDER

giving rise to an inference of unlawful discrimination." With exceptions not applicable here (such as reduction-in-force cases), this is not an element of plaintiff's prima facie case, but the inference the law deems raised when a plaintiff meets the four elements identified above. *See, e.g., Tex. Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("the prima facie case raises an inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.").

In the instant action, the parties do not dispute that plaintiff was a member of the ADEA's protected class, that she was performing her job duties in a satisfactory manner, and that she was subjected to an adverse employment action. Because the court finds plaintiff has further shown she was replaced by a substantially younger employee with equal or inferior qualifications, plaintiff has made a prima facie showing of age discrimination.

Defendant has offered legitimate, non-discriminatory reasons for its adverse employment action. Accordingly, to withstand summary judgment, plaintiff must offer sufficient evidence to create a genuine issue of material fact regarding whether these reasons were pretexts for discrimination. Because Magistrate Judge Stewart found plaintiff had failed to make a prima facie showing, the Findings and Recommendations do not consider whether plaintiff carried her burden of showing pretext. As set out below, the court finds plaintiff carried her burden.

Plaintiff offered evidence that her supervisor, Dean Freed, deviated from defendant's personnel policies by failing to place Thomson on a performance plan in response to negative feedback he had received about her performance. It is undisputed that this is defendant's policy, and plaintiff has submitted evidence showing other employees who had performance issues were placed on performance plans or given performance counseling. Freed's deviation from

defendant's standard employment policies is specific evidence of pretext.  *Porter v. California Dept. of Corrections,* 383 F.3d 1018, 1026 (9th Cir. 2004).

Plaintiff's claim of pretext is further buttressed by the different reasons Freed gave for his decision to cut Thomson's hours.  When Freed told plaintiff he was reducing her hours, he mentioned the negative feedback he had received about her performance as part of the reason for his decision.  At deposition in this litigation, Freed testified that he believed plaintiff wanted to reduce her hours, and that this further supported his decision.  Although these reasons are not inconsistent and may be merely cumulative, they are nevertheless "different reasons at different times."  *Payne v. Norwest Corp.*, 113 F.3d 1079, 1080 (9th Cir. 1997).  These different reasons further support plaintiff's claim of pretext.

In the context of an employment discrimination action:

> any indication of discriminatory motive may suffice to raise a question that can only be resolved by a factfinder, and for that reason summary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits because the crux of a Title VII dispute is the elusive factual question of intentional discrimination.[1]

Because plaintiff has raised genuine issues of material fact regarding whether defendant's reasons for its adverse employment action were merely pretexts for discrimination, defendant's motion for summary judgment is DENIED as to plaintiff's age discrimination claim.

This court otherwise adopts Magistrate Judge Stewart's Findings and Recommendations.  Accordingly, the court GRANTS defendant's motion for summary judgment on plaintiff's claims for wrongful constructive discharge and defamation and plaintiff's claim under the Equal Pay

---

[1] *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002) (internal quotation omitted).

Act. These claims are dismissed, with prejudice.

IT IS SO ORDERED.

Dated this   17th    day of May, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge